IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UKACHUKWU WISDOM AMANZE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-1894-D-BN |
| | § | |
| JEFFERSON B. SESSIONS, III, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action by a *pro* se habeas petitioner has been referred to the undersigned United States magistrate judge for case management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Petitioner Ukachukwu Wisdom Amanze's motion for leave to proceed *in forma pauperis* ("IFP") [Dkt. No. 11]; order that he pay the full amount to initiate this action ($5.00); and, if he fails to do so within a reasonable time, dismiss this action without prejudice for failure to prosecute and obey orders of this Court.

**Applicable Background, Legal Standards, and Analysis**

Prior to transferring this habeas action under 28 U.S.C. § 2241 to the Dallas Division, Senior United States District Judge Sam R. Cummings entered a deficiency order on July 18, 2018 requiring that Petitioner either pay the filing fee or move for leave to proceed IFP. *See* Dkt. No. 5. The IFP motion filed in response includes a trust account certificate reflecting that on July 25, 2018 Petitioner's account balance was

$62.38; his six-month average balance was $34; and the average amount deposited monthly into his account over the past six months was $50. *See* Dkt. No. 11 at 3.

28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The amount of money available to inmates in their prison trust account or from other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

As the filing fee for a habeas case is merely $5.00, although Petitioner is detained pending his removal from the United States, the financial picture he presents reflects that he can afford to pay the filing fee without incurring undue financial hardship. *See, e.g.,* N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (this Court routinely grants leave to proceed *in forma pauperis* if "the average six month balance of [an] inmate['s] trust account and other financial resources are less than Fifty Dollars").

## Recommendation

The Court should deny Petitioner leave to proceed IFP and should order that he pay the $5.00 filing fee within 21 days of any order accepting this recommendation or by some other reasonable time to be set by the Court, and, if he fails to do so, the Court

should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 2, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE